**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARMANDO ALVAREZ-REYNAGA, a.k.a.
Armando Alvarez,
　　　　　　　　*Petitioner,*

　　　　　　v.

ERIC H. HOLDER JR., Attorney
General,
　　　　　　　　*Respondent.*

No. 08-70253

Agency No.
A036-733-439

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2009*
San Francisco, California

Filed February 19, 2010

Before: Barry G. Silverman, Richard R. Clifton, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Clifton

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

2701

**COUNSEL**

Bernadette W. Connolly, San Jose, California, for the petitioner.

Gregory G. Katsas, Assistant Attorney General, Christopher C. Fuller, and Zoe J. Heller, United States Department of Justice, Washington, DC, for the respondent.

---

## OPINION

CLIFTON, Circuit Judge:

An order of removal from the United States was entered against Petitioner Armando Alvarez-Reynaga based on his felony conviction for receipt of a stolen vehicle in violation of section 496d(a) of the California Penal Code. His petition for review presents the questions of whether a conviction under that statute qualifies categorically as a conviction for an aggravated felony, and whether it qualifies categorically as a crime involving moral turpitude. We conclude that it qualifies as the first, but not the second. We deny the petition for review.

### I.  Background

Alvarez-Reynaga, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1981. Alvarez-Reynaga was subsequently convicted of a felony violation of California Penal Code section 496d(a), purchase or receipt of a stolen vehicle. He received a sentence of one year and four months.

When attempting to return to the United States from Mexico in 2006, Alvarez-Reynaga was stopped at the border because there was a warrant outstanding for his arrest, unrelated to his previous conviction. He was paroled into the United States at that time but soon thereafter became the subject of removal proceedings, based upon his conviction. The immigration judge ("IJ") ordered that Alvarez-Reynaga be removed to Mexico for having been convicted of an aggra-

vated felony and also for having been convicted of a crime involving moral turpitude, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1182(a)(2)(A)(i)(I), respectively. The IJ based those conclusions on his determination that a conviction under California Penal Code section 496d(a) fit within the generic definition of a "theft offense." The IJ further held that Alvarez-Reynaga was ineligible for relief in the form of cancellation of removal, under 8 U.S.C. § 1229b(a), due to his conviction for an aggravated felony.

Alvarez-Reynaga appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed and adopted the IJ's decision, agreeing that California Penal Code section 496d(a) constituted a categorical match with the generic definition of a "theft offense."

Alvarez-Reynaga timely petitioned this court for review of the BIA's decision.

## II. Discussion

### A. Aggravated Felony

[1] An aggravated felony for these purposes is defined by statute to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). In determining whether Alvarez-Reynaga's conviction for receipt of stolen property constitutes an aggravated felony, we apply the categorical test set forth by the Supreme Court in *Taylor v. United States,* 495 U.S. 575 (1990). *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886-88 (9th Cir. 2003). Under this test, we make a categorical comparison of the elements of the state statute of conviction to the generic definition of a theft offense in order to determine whether the full range of conduct proscribed by the statute of conviction is broader than the generic definition. *Taylor*, 495 U.S. at 598-99.

Alvarez-Reynaga was convicted of receiving a stolen vehicle under California Penal Code section 496d(a), which provides in relevant part:

> Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in the state prison for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both.

**[2]** Alvarez-Reynaga argues that a conviction under this statute does not constitute an aggravated felony. In *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059 (9th Cir. 2009), we considered that question in the context of a conviction for receipt of stolen property under California Penal Code section 496(a). We concluded that a conviction for that crime categorically qualifies as an aggravated felony. *See id.* at 1061. Section 496(a) is essentially identical to section 496d(a), except that it relates to receipt of stolen property in general, while section 496d(a) is narrower and pertains only to the receipt of stolen vehicles, trailers, special construction equipment, or vessels.[1]

---

[1]Section 496(a) of the California Penal Code provides in relevant part:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year.

The argument principally made by Alvarez-Reynaga, that section 496d(a) is not an aggravated felony because it may cover someone who is involved only as an accessory after the fact, was explicitly rejected in *Verdugo-Gonzalez*. *See* 581 F.3d at 1061-62. For the reasons stated in that decision, we conclude that a conviction under section 496d(a) constitutes a conviction for an aggravated felony.

## B.    Crime Involving Moral Turpitude

Alvarez-Reynaga also contends that receiving a stolen vehicle is not categorically a crime involving moral turpitude because it includes accessory after the fact liability. We agree that the crime does not categorically involve moral turpitude, but for a different reason.

To determine whether a conviction is for a crime involving moral turpitude, we make the same categorical comparison discussed above. *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067 (9th Cir. 2007) (en banc). A crime of moral turpitude is one "involving conduct that is inherently base, vile, or depraved, and contrary to the private and social duties man owes to his fellow men or to society in general." *Id.* at 1068.

Alvarez-Reynaga argues that the statute of conviction involved here covers someone who was not actually involved in a theft or in receipt of stolen property, but who only acted as an accessory after the fact. He cites our decision in *Navarro-Lopez*, in which we held that a conviction for being an accessory after the fact under section 32 of the California Penal Code did not constitute a crime involving moral turpitude. 503 F.3d at 1074. But Alvarez-Reynaga was not convicted for being an accessory after the fact under that statute. He was convicted for receipt of a stolen vehicle in violation of California Penal Code section 496d(a). As we explained in *Verdugo-Gonzalez*, California Penal Code section 496(a) does not cover someone whose role was limited to that of an accessory after the fact and who did not participate directly in the

receipt of stolen property. *See* 581 F.3d at 1061-62. Exactly the same reasoning applies here. Someone who was only an accessory after the fact would not be subject to conviction under California Penal Code section 496d(a).

**[3]** We nonetheless hold that a conviction under California Penal Code section 496d(a) does not categorically constitute a crime involving moral turpitude, following our recent decision in *Castillo-Cruz v. Holder*, 581 F.3d 1154 (9th Cir. 2009). In *Castillo-Cruz*, we held that a conviction for receipt of stolen property under California Penal Code section 496 is "not categorically a crime of moral turpitude because it does not require an intent to permanently deprive the owner of property." *Id.* at 1161. As we have said, section 496d(a) is essentially identical to section 496(a), except that the former section pertains only to the receipt of stolen vehicles, trailers, special construction equipment, or vessels. Our holding in *Castillo-Cruz* therefore compels our conclusion in this case. Indeed, the *Castillo-Cruz* opinion's joyriding example applies *a fortiori* to section 496d. Joyriding is punishable under section 496 but does not require an intent to permanently deprive an owner of property, and so does not involve moral turpitude. *See Castillo-Cruz*, 581 F.3d at 1161 (citing *People v. Jaramillo*, 16 Cal. 3d 752, 758-59 (1976)).

**[4]** Even under the modified categorical approach, Alvarez-Reynaga's conviction is not a crime involving moral turpitude. There is no evidence in the record establishing that his offense involved an intent to deprive the owner of possession permanently, just as there was none in *Castillo-Cruz. See* 581 F.3d at 1161.

## III.   Conclusion

**[5]** We hold that a conviction for the receipt of a stolen vehicle under section 496d(a) of the California Penal Code categorically constitutes a conviction for an aggravated felony. We also hold that a conviction under the same statute

does not categorically constitute a crime involving moral turpitude. The former holding independently makes Alvarez-Reynaga both removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

**PETITION DENIED.**