**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EUGENIA PARIS, aka Jenny Paris,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70799

Agency No. A026-823-395

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2009[**]
San Francisco, California

Before: SILVERMAN, CLIFTON and M. SMITH, Circuit Judges.

Eugenia Paris, a citizen of Romania, petitions for review of an order of the

Board of Immigration Appeals, dismissing the appeal of an immigration judge's

denial of her application for cancellation of removal. The BIA agreed with the IJ

that Paris was statutorily ineligible for cancellation of removal due to her prior

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convictions for receipt of a stolen vehicle, in violation of California Penal Code section 496d(a), and for receiving stolen property, in violation of California Penal Code section 496(a). The BIA also held that Paris's theft convictions constituted crimes involving moral turpitude. We have jurisdiction over these issues. *See*

*Vizcarra-Ayala v. Mukasey,* 514 F.3d 870, 872 (9th Cir. 2008) (whether an offense is an aggravated felony for the purposes of the INA is a question of law and therefore not subject to statutory jurisdictional constraints); *Tall v. Mukasey*, 517 F.3d 1115, 1118 (9th Cir. 2008) ("[W]e have jurisdiction to determine our jurisdiction—that is, to determine whether Tall's convictions qualify as crimes involving moral turpitude.").

Paris argues that her convictions under the two statutes do not constitute aggravated felonies because both statutes encompass "accessory after the fact" liabilities. These arguments were considered and rejected in our recent decisions in *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) (holding that a conviction under section 496(a) of the California Penal Code constitutes an aggravated felony), and *Alvarez-Reynaga v. Holder,* ___F.3d___, 2010 WL 572737 at *2 (9th Cir. Feb. 19, 2010) (holding that a conviction under section 496d(a) of the California Penal Code constitutes an aggravated felony).

Paris's due process claims also fail as there are no indications that the IJ proceedings were fundamentally unfair and that Paris was prejudiced as a result. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.") (internal quotation marks and citations omitted).

**PETITION DISMISSED in part and DENIED in part.**