**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAJID SHEIKH, | No. 05-74364 |
| Petitioner, | Agency No. A073-820-352 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2010
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON, District
Judge.[**]

Sajid Sheikh ("Sheikh"), a native and citizen of Pakistan, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his

application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C.

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Suzanne B. Conlon, United States District Court Judge
for the Northern District of Illinois, sitting by designation.

§ 1252(a)(1).[1]  Because the BIA summarily affirmed the Immigration Judge's

("IJ") decision, we review the IJ's decision as we would that of the BIA.  *Perez v.*

*Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).  We grant the petition and remand.

The IJ found that Sheikh's conviction for appropriation of lost property

under Cal. Penal Code § 485 constituted a crime involving moral turpitude, and

that, as a consequence, Sheikh was ineligible for cancellation of removal on two

bases.  First, the IJ found that Sheikh was ineligible because he was convicted of a

crime involving moral turpitude, for which a sentence of one year or longer may be

imposed, that was committed within five years of his date of admission.  *See* 8

---

[1] Our jurisdiction is not affected because Sheikh now raises a new argument
in support of the claims he raised before the BIA.  The claims Sheikh raises here
are the same claims that he raised to the BIA.  The claims are that IJ erred in
concluding that Sheikh was ineligible for cancellation of removal pursuant 8 U.S.C.
§§ 1227(a)(2) and 1229b(b)(1) based the IJ's finding that Sheikh's California
conviction amounted to a crime involving moral turpitude.  The only difference here
is that Sheikh presents a new argument in support of those claims.  This is
permitted.  *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008)
(recognizing that a petitioner may raise a new argument on appeal in support of a
claim raised below to the BIA); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir.
2008) (holding that the exhaustion doctrine is not applied "in a formalistic
manner"); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1183–84 (9th Cir. 2001)
(holding that a petitioner sufficiently raised the issue of equitable tolling before the
agency even though his brief did not contain the phrase "equitable tolling"); *cf.*
*Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995) (explaining that
"once a federal claim is properly presented, a party can make any argument in
support of that claim . . . ."); *United States v. Pallares-Galan*, 359 F.3d 1088, 1095
(9th Cir. 2004) (same).

U.S.C. § 1227(a)(2). Second, the IJ found that Sheikh was ineligible because his "continuous physical presence" ended when he was convicted of a crime involving moral turpitude, and therefore Sheikh could not establish continuous presence in the United States for at least 10 years immediately preceding the date of his application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

Sheikh lawfully entered the United States in 1986. In 1988, he was convicted of appropriating lost property in violation of Cal. Penal Code § 485. Sheikh's § 485 conviction occurred within 5 years of his admission to the U.S., and he could have could have been sentenced to more than a year in jail. Accordingly, if Sheikh's § 485 conviction was a crime involving moral turpitude, Sheikh is ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) and 1229b (b)(1).

Sheikh contests the IJ's determination that his § 485 conviction constitutes a crime involving moral turpitude, thereby rendering him ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) and 1229b(b)(1). "We review the IJ's legal determinations de novo." *Ramos-Lopez v. Holder,* 563 F.3d 855, 858 (9th Cir. 2009).

To determine whether Sheikh's § 485 conviction is a crime involving moral turpitude, we apply the categorical approach, and if appropriate, the modified

3

categorical approach, as outlined in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), and *Shepard v. United States*, 544 U.S. 13, 16-17 (2005).  *See also Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067, 1073 (9th Cir. 2007) (en banc) (outlining the categorical and modified categorical approaches).

Theft offenses are categorically crimes involving moral turpitude only when the statute of conviction requires the "base, vile, or depraved" conduct of intending to permanently deprive the property owner.  *See, e.g., Alvarez-Reynaga v. Holder,* 596 F.3d 534, 537 (9th Cir. 2010); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1161 (9th Cir. 2009).  Section 485 does not require, by its plain language or as interpreted by California courts, an intent to permanently deprive an owner of property.  *See* Cal. Penal Code § 485 (enumerated elements do not require intent to permanently deprive); *Matter of B.H.*, No. GO30253, 2008 WL 2574476, *1, *3 (Cal. App. 4th. June 27, 2008) (affirming a § 485 conviction where intent to permanently deprive was neither identified nor established as an element of the

4

crime).[2] Therefore, a § 485 conviction is not categorically a crime involving moral turpitude.

Where, as here, a conviction does not constitute a predicate offense for immigration purposes under the categorical approach, we next determine whether to apply the modified categorical approach. *See Navarro-Lopez*, 503 F.3d at 1073. Where the statute of conviction is missing an element of the predicate offense altogether, our inquiry ends with the categorical approach and we do not apply the modified categorical approach. *Id.*; *United States v. Jennings*, 515 F.3d 980, 992 (9th Cir. 2008). Here, we do not apply the modified categorical approach because § 485 is missing one of the elements of a crime involving moral turpitude. Specifically,§ 485 does not require the "base, vile, or depraved" conduct of intending to permanently deprive the property owner. Thus, Sheikh's § 485 conviction does not constitute a crime involving moral turpitude.

---

[2] With limited exceptions not applicable here, "an opinion of a California Court . . . that is not certified for publication or ordered published must not be cited or relied on by a court or party in any other action." Cal. Rule of Court 8.1115. The unpublished case cited here, however, is not relied on as authority, but instead is used only to illustrate that § 485 does not require an intent to permanently deprive an owner of property. *See Castillo-Cruz,* 581 F.3d at 1161 n. 9 ("unpublished cases are pertinent for showing that there is a 'realistic probability' that [a statute of conviction] has been and will be applied to conduct falling outside of the generic definition of a crime involving moral turpitude.") (internal citation omitted).

5

Because Sheikh's § 485 conviction is not a crime involving moral turpitude, Sheikh is not statutorily ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) or 1229b(b)(1). Sheikh is not ineligible under § 1227(a)(2) because he was not convicted of a crime involving moral turpitude. Sheikh is not ineligible under § 1229b(b)(1) because, as his § 485 is not a crime involving moral turpitude, his continuous presence in the U.S. ended when the government issued his Notice to Appear,[3] not at the time of Sheikh's § 485 conviction.[4] *See* 8 U.S.C. § 1229b(b)(1).

We therefore GRANT Sheikh's petition for review and REMAND to the BIA to consider whether, accepting that Sheikh was not convicted of a crime involving moral turpitude and that he can establish ten years of continuous physical presence, Sheikh can satisfy the remaining elements of eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See, e.g., Blanco v. Mukasey*, 518 F.3d 714, 720 (9th Cir. 2008); *Navarro-Lopez*, 503 F.3d at 1074.

---

[3] Sheikh lawfully entered the United States in October 1986. With the exception of one short lawful trip to Pakistan in 1997, Sheikh has continuously lived in the United States since 1986. The government issued Sheikh's Notice to Appear on February 29, 2003. Therefore, Sheikh can establish sixteen years of continuous presence.

[4] We also note that Sheikh's continuous presence did not end with his § 485 conviction because, as the IJ correctly found, the conviction falls under the "petty offense exception" of 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

**PETITION FOR REVIEW GRANTED; REMANDED TO THE BIA.**

Conlon, District Judge, dissenting.  *Sheikh v. Holder*, No. 05-74364

We lack jurisdiction to review the immigration judge's determination that Sheikh's conviction under California Penal Code § 485 constituted a crime of moral turpitude under 8 U.S.C. § 1227(a)(2).  Sheikh did not challenge the moral turpitude finding in his appeal to the Board of Immigration Appeals.  Rather, he acknowledged in his BIA notice of appeal that he had been convicted of a crime of moral turpitude.  Because the moral turpitude issue is administratively unexhausted, we are without jurisdiction to address it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

Our jurisdiction is statutorily limited to the review of issues exhausted before the BIA.  8 U.S.C. § 1252(d)(1).  The purpose of the exhaustion requirement is to give the administrative agency "a full opportunity to resolve a controversy or correct its own errors before judicial intervention."  *Sagermark v. INS*, 767 F.2d 645, 648 (9th Cir. 1985).  In order to satisfy the exhaustion requirement, a petitioner must put the BIA on notice of the specific issue, so the BIA has an opportunity to address it.  *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

Sheikh's BIA notice of appeal identified only one alleged error by the immigration judge: the calculation of his continuous physical presence in the United States.  The notice of appeal stated, "*although Mr. Sheikh committed a*

*crime of moral turpitude* in 1988, his continuous physical presence in the United States began to accrue anew after that event." (emphasis added). He explicitly conceded that his conviction under § 485 constituted a crime of moral turpitude.

Sheikh could still have exhausted his administrative remedies by challenging the moral turpitude finding in his BIA brief. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). But he did not do so. In a comprehensive 17-page brief, Sheikh's counsel presented thorough, well-supported arguments on several issues: (1) the application of the "stop-time" rule with respect to his continuous physical presence in the United States; (2) the legal effect of his advance parole status; and (3) the immigration judge's treatment of the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii). His BIA brief simply did not challenge the immigration judge's conclusion that a conviction under § 485 was a crime of moral turpitude.

Given the concession in his notice of appeal that he was convicted of a crime of moral turpitude and the absence of any contrary argument in his BIA brief, Sheikh cannot be deemed to have administratively exhausted a challenge to the immigration judge's moral turpitude finding. When a petitioner files a BIA brief, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Sheikh exhausted only the issues he raised and

argued in his BIA brief. *Id.* Because he did not provide the BIA with fair notice of the moral turpitude issue, the BIA was deprived of an opportunity to review it. Whether or not Sheikh's claim that the immigration judge erred is meritorious, he failed to exhaust BIA remedies. We are therefore deprived of jurisdiction to review the immigration judge's moral turpitude finding. *See* 8 U.S.C. § 1252(d)(1); *Abebe*, 554 F.3d at 1208; *Zara v. Ashcroft*, 383 F.3d 927, 930-31 (9th Cir. 2004); *Barron*, 358 F.3d at 677.

Nonetheless, the majority concludes that we may exercise jurisdiction because Sheikh is merely presenting a new argument to this court in support of an issue he presented to the BIA. It is true that a petitioner need not have raised the same *precise* argument before the BIA as long as he identified the issue forming the basis of his appeal. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008); *Zhang v. INS*, 388 F.3d 713, 721 (9th Cir. 2004). But the majority's application of this principle is not supported by the record. Sheikh unambiguously conceded in his BIA notice of appeal that he was convicted of a crime of moral turpitude. The issues raised in Sheikh's BIA brief were predicated on this concession. He maintained that 8 U.S.C. § 1229b(d)(1) did not prohibit his "continuous physical presence" clock from restarting *after his moral turpitude conviction*. Sheikh further argued the immigration judge erred in finding him ineligible for the petty offense exception; this statutory exception only comes into

play if an alien has been convicted of a crime of moral turpitude.  *See* 8 U.S.C.

§ 1182(a)(2)(A)(ii).  Only now, in his petition to this court, does Sheikh argue that

the immigration judge erred in classifying his § 485 conviction as morally

turpitudinous.  Sheikh is not presenting a new argument in support of an issue

raised before the BIA; he is raising an entirely new issue.

Because the majority reviews a moral turpitude issue not properly before the

court, I respectfully dissent.