MEMORANDUM **
Sajid Sheikh (“Sheikh”), a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).[1] *699 Because the BIA summarily affirmed the Immigration Judge’s (“IJ”) decision, we review the IJ’s decision as we would that of the BIA. Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008). We grant the petition and remand.
The IJ found that Sheikh’s conviction for appropriation of lost property under Cal.Penal Code § 485 constituted a crime involving moral turpitude, and that, as a consequence, Sheikh was ineligible for cancellation of removal on two bases. First, the IJ found that Sheikh was ineligible because he was convicted of a crime involving moral turpitude, for which a sentence of one year or longer may be imposed, that was committed within five years of his date of admission. See 8 U.S.C. § 1227(a)(2). Second, the IJ found that Sheikh was ineligible because his “continuous physical presence” ended when he was convicted of a crime involving moral turpitude, and therefore Sheikh could not establish continuous presence in the United States for at least 10 years immediately preceding the date of his application for cancellation of removal. See 8 U.S.C. § 1229b(b)(l).
Sheikh lawfully entered the United States in 1986. In 1988, he was convicted of appropriating lost property in violation of Cal.Penal Code § 485. Sheikh’s § 485 conviction occurred within 5 years of his admission to the U.S., and he could have could have been sentenced to more than a year in jail. Accordingly, if Sheikh’s § 485 conviction was a crime involving moral turpitude, Sheikh is ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) and 1229b (b)(1).
Sheikh contests the IJ’s determination that his § 485 conviction constitutes a crime involving moral turpitude, thereby rendering him ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) and 1229b(b)(l). “We review the IJ’s legal determinations de novo.” Ramos-Lopez v. Holder, 563 F.3d 855, 858 (9th Cir.2009).
To determine whether Sheikh’s § 485 conviction is a crime involving moral turpitude, we apply the categorical approach, and if appropriate, the modified categorical approach, as outlined in Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 16-17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). See also Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1067, 1073 (9th Cir.2007) (en banc) (outlining the categorical and modified categorical approaches).
Theft offenses are categorically crimes involving moral turpitude only when the statute of conviction requires the “base, vile, or depraved” conduct of intending to permanently deprive the property owner. See, e.g., Alvarez-Reynaga v. Holder, 596 F.3d 534, 537 (9th Cir.2010); Castillo-Cruz v. Holder, 581 F.3d 1154, 1161 (9th Cir.2009). Section 485 does not require, by its plain language or as interpreted by California courts, an intent to permanently deprive an owner of property. See Cal.Penal Code § 485 (enumerated elements do not require intent to permanently deprive); Matter of B.H., No. GO30253, 2008 WL 2574476, *1, *3 (Cal. App. 4th. June 27, 2008) (affirming a § 485 conviction where intent to permanently deprive was neither identified nor established as an element of the crime).[2] *700 Therefore, a § 485 conviction is not categorically a crime involving moral turpitude.
Where, as here, a conviction does not constitute a predicate offense for immigration purposes under the categorical approach, we next determine whether to apply the modified categorical approach. See Navarro-Lopez, 503 F.3d at 1073. Where the statute of conviction is missing an element of the predicate offense altogether, our inquiry ends with the categorical approach and we do not apply the modified categorical approach. Id.; United States v. Jennings, 515 F.3d 980, 992 (9th Cir.2008). Here, we do not apply the modified categorical approach because § 485 is missing one of the elements of a crime involving moral turpitude. Specifically, § 485 does not require the “base, vile, or depraved” conduct of intending to permanently deprive the property owner. Thus, Sheikh’s § 485 conviction does not constitute a crime involving moral turpitude.
Because Sheikh’s § 485 conviction is not a crime involving moral turpitude, Sheikh is not statutorily ineligible for cancellation of removal under 8 U.S.C. §§ 1227(a)(2) or 1229b(b)(l). Sheikh is not ineligible under § 1227(a)(2) because he was not convicted of a crime involving moral turpitude. Sheikh is not ineligible under § 1229b(b)(l) because, as his § 485 is not a crime involving moral turpitude, his continuous presence in the U.S. ended when the government issued his Notice to Appear,[3] not at the time of Sheikh’s § 485 conviction.[4] See 8 U.S.C. § 1229b(b)(l).
We therefore GRANT Sheikh’s petition for review and REMAND to the BIA to consider whether, accepting that Sheikh was not convicted of a crime involving moral turpitude and that he can establish ten years of continuous physical presence, Sheikh can satisfy the remaining elements of eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(l). See, e.g., Blanco v. Muhasey, 518 F.3d 714, 720 (9th Cir.2008); Navarro-Lopez, 503 F.3d at 1074.
PETITION FOR REVIEW GRANTED; REMANDED TO THE BIA.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Our jurisdiction is not affected because Sheikh now raises a new argument in support of the claims he raised before the BIA. The claims Sheikh raises here are the same claims that he raised to the BIA. The claims are that IJ erred in concluding that Sheikh was ineligible for cancellation of removal pursuant 8 U.S.C. §§ 1227(a)(2) and 1229b(b)(l) based the IJ’s finding that Sheikh’s California conviction amounted to a crime involving moral turpitude. The only difference here is that Sheikh presents a new argument in support of those claims. This is permitted. See Vizcar-ra-Ayala v. Mukasey, 514 F.3d 870, 873 (9th Cir.2008) (recognizing that a petitioner may raise a new argument on appeal in support of a claim raised below to the BIA); Figueroa v. Mukasey, 543 F.3d 487, 492 (9th Cir.2008) (holding that the exhaustion doctrine is not applied "in a formalistic manner"); Socop-Gonzalez v. INS, 272 F.3d 1176, 1183-84 (9th Cir.2001) (holding that a petitioner sufficiently raised the issue of equitable tolling before the agency even though his brief did not contain the phrase "equitable tolling”); cf. Lebron v. Nat'l R.R. Passenger Corp., 513 U.S. 374, 379, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995) (explaining that "once a federal claim is properly presented, a party can make any argument in support of that claim....”); United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir.2004) (same).

. With limited exceptions not applicable here, "an opinion of a California Court ... that is not certified for publication or ordered published must not be cited or relied on by a court or party in any other action.” Cal. Rule of Court 8.1115. The unpublished case cited here, however, is not relied on as authority, but instead is used only to illustrate that § 485 does not require an intent to permanently deprive an owner of property. See Castillo-Cruz, 581 F.3d at 1161 n. 9 ("unpublished cases are pertinent for showing that there is a 'realistic probability' that [a statute of conviction] has been and will be applied to conduct falling outside of the generic defini- *700 lion of a crime involving moral turpitude.”) (internal citation omitted).

. Sheikh lawfully entered the United States in October 1986. With the exception of one short lawful trip to Pakistan in 1997, Sheikh has continuously lived in the United States since 1986. The government issued Sheikh’s Notice to Appear on February 29, 2003. Therefore, Sheikh can establish sixteen years of continuous presence.

. We also note that Sheikh's continuous presence did not end with his § 485 conviction because, as the IJ correctly found, the conviction falls under the “petty offense exception” of 8 U.S.C. § 1182(a)(2)(A)(ii)(II).