**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIJENDRA KUMAR SINGH, | No. 08-71682 |
| Petitioner, | Agency No. A024-944-946 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Vijendra Kumar Singh, a native and citizen of Fiji, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

We review de novo whether a particular conviction constitutes an aggravated

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

felony, *Randhawa v. Ashcroft*, 298 F.3d 1148, 1151 (9th Cir. 2002), and we deny the petition for review.

The agency properly determined that Singh's conviction under California Penal Code § 496(a), for which he was sentenced to one year imprisonment, constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009) ("The full range of conduct proscribed by [section 496(a)] falls within the generic definition of a theft offense."); *see also Alvarez-Reynaga v. Holder*, 596 F.3d 534 (9th Cir. 2010). Singh is therefore removable as an aggravated felon, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and statutorily ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

In light of our disposition, we do not address Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**