FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50198 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01796-WQH-1 |
| v. | |
| CARLOS ROGELIO LOPEZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 16, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge.[**]

Defendant Carlos Rogelio Lopez-Lopez ("Lopez") was indicted on charges

of attempted re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b),

and false claim to United States Citizenship, in violation of 18 U.S.C. § 911. A

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert W. Pratt, District Judge for the U.S. District
Court for Southern Iowa, sitting by designation.

jury found Lopez guilty on both counts. Lopez appeals his convictions and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We address Lopez's arguments in turn.

**1.** Lopez's collateral attack under 8 U.S.C. § 1326(d) on his prior order of removal fails because Lopez cannot establish that he had a "plausible ground for relief from [removal]." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (internal quotation marks omitted).

Lopez cannot establish that he had a plausible ground for relief from removal because his 2008 conviction for "receipt of a stolen vehicle," in violation of California Penal Code § 496d(a), was categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). *See Alvarez-Reynaga v. Holder*, 596 F.3d 534, 536-37 (9th Cir. 2010) (holding that alien's conviction for "receipt of a stolen vehicle," in violation of California Penal Code § 496d(a), was categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(G)); *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009) (holding that alien's conviction for "receipt of stolen property," in violation of California Penal Code § 496(a), was categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G)). Because Lopez's conviction was categorically an aggravated felony, Lopez was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and was

2

also ineligible for cancellation of removal or voluntary departure. *See* 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1).

**2.** Even if the district court erred when it applied a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for Lopez's prior conviction under California Health & Safety Code § 11352(a), any such error was harmless. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) ("When an 'alleged error is harmless, it is not a ground for resentencing.'") (internal alteration omitted) (quoting *United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008)). Lopez's prior conviction under California Health & Safety Code § 11351 could have justified the enhancement.

**AFFIRMED.**