NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-15656 |
| Plaintiff-Appellee, | D.C. Nos. 3:14-cv-00484-WHO |
| v. | 3:10-cr-00557-WHO-1 |
| FLAVIO DE MORAIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted October 11, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and O'MALLEY,*** Circuit
Judges.

Flavio de Morais appeals from the district court's order denying his motion

to vacate his conviction under 28 U.S.C. § 2255 for ineffective assistance of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen M. O'Malley, United States Circuit Judge for
the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

counsel. De Morais, a legal permanent resident, pled guilty to mail fraud in violation of 18 U.S.C. § 1341, a conviction which rendered him deportable. De Morais's sole argument on appeal is that his retained counsel, Hugh Levine, provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to propose a specific alternative plea that would not have rendered De Morais deportable. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255. Because Levine conducted the plea negotiations competently, and because De Morais has in any case failed to show prejudice from Levine's purported deficient performance, we affirm.

I.

In 2010, following Levine's advice, De Morais pled guilty to mail fraud in violation of 18 U.S.C. § 1341, an offense which rendered him deportable under 8 U.S.C. § 1227(a)(2)(A)(i), as a crime involving moral turpitude, and under 8 U.S.C. § 1227(a)(2)(A)(iii), as an aggravated felony. Before and after his plea, De Morais cooperated extensively with the government, and in return the government moved the district court to depart downward from the Sentencing Guidelines in sentencing De Morais. The district court granted that request in 2011 by imposing a noncustodial sentence of three years' probation and ordering De Morais to pay $161,149 in restitution, jointly and severally with two other defendants.

In 2014, De Morais moved the district court to vacate his conviction under

2

§ 2255, claiming primarily that Levine provided ineffective assistance by failing to advise De Morais of the immigration consequences of his plea. After holding two evidentiary hearings, the district court denied the motion, concluding that Levine informed De Morais of the virtually certain immigration consequences of pleading guilty to mail fraud and competently attempted to help De Morais avoid those consequences. Narrowing his position, De Morais argues on appeal that Levine rendered ineffective assistance because he failed to seek an alternative plea to theft, embezzlement, or misapplication by a bank officer or employee in violation of 18 U.S.C. § 656. De Morais contends that a conviction under § 656 would not have rendered him deportable because it is neither a crime involving moral turpitude nor an aggravated felony.

## II.

We review a district court's denial of a § 2255 motion de novo, and we review its factual findings for clear error. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). "We may affirm on any ground supported by the record even if it differs from the rationale of the district court." *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner claiming ineffective assistance of counsel must show both

deficient performance and prejudice. *Strickland*, 466 U.S. at 687–88, 694.

"To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 688). The court considering the challenge "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). When a conviction carries with it "clear" deportation consequences for a noncitizen defendant, however, counsel has "the duty to give correct advice" regarding those consequences. *Padilla v. Kentucky*, 559 U.S. 356, 367–69 (2010).

"With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694). To establish prejudice in the plea bargaining context, a petitioner must show a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted).

### III.

Levine's performance was not deficient. The district court found that Levine was well aware that a conviction for mail fraud would render De Morais

4

deportable. The district court also found that, before Levine advised De Morais to plead guilty to the mail fraud charge, Levine repeatedly attempted to negotiate with the government to change the offense of conviction from mail fraud, but the government repeatedly refused. We see no error in these findings.

De Morais focuses on the fact that the only alternative offense of conviction that Levine proposed in these negotiations was misprision of a felony in violation of 18 U.S.C. § 4. De Morais argues that Levine failed to take the opportunity to suggest to the government that De Morais plead guilty to aiding and abetting bank theft in violation of 18 U.S.C. § 656. But, at the district court's evidentiary hearing, Levine testified about a phone call with a government prosecutor where the prosecutor informed Levine that the government would only accept a plea to mail fraud or wire fraud. Levine also testified that he had considered and rejected all of the other offenses that arguably may have been applicable, including § 656. Given this testimony and the absence of any authority indicating that § 656 is applicable to De Morais, the record does not support the conclusion that Levine failed to advocate for De Morais competently and diligently throughout the plea negotiations. Under the circumstances, Levine's performance was well within "the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689).

Even assuming for the sake of argument that Levine provided ineffective

5

assistance by failing to raise the possibility of pleading to a violation of § 656, De Morais has failed to show prejudice from that failure. De Morais has adduced no evidence suggesting that the government would have been receptive to such a suggestion; to the contrary, as discussed above, Levine testified that the government would not accept any plea other than mail fraud or wire fraud. De Morais argues that the government might have been open to negotiation because he cooperated and because § 656 carries a higher maximum penalty than the actual crime of conviction. This is no more than speculation, however.

In any case, a conviction under § 656 still may have rendered De Morais deportable. Theft offenses involving the intent to deprive the owner of possession permanently may be crimes of moral turpitude that render the defendant deportable under 8 U.S.C. § 1227(a)(2)(A)(i). *See Alvarez-Reynaga v. Holder*, 596 F.3d 534, 537 (9th Cir. 2010) (holding that a conviction for a theft offense under California law was not a crime of moral turpitude because "[t]here [was] no evidence in the record establishing that [the defendant's] offense involved an intent to deprive the owner of possession permanently"). And, although not every violation of § 656 constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), a violation with intent to defraud does. *Carlos-Blaza v. Holder*, 611 F.3d 583, 589 (9th Cir. 2010).

Given the government's insistence that De Morais plead guilty to a crime

6

involving fraud, De Morais cannot demonstrate a reasonable probability that the government would have accepted a plea to a violation of § 656 that did not include an admission of intent to defraud. Nor has De Morais suggested that he intended to return the money he obtained illegally. A conviction under § 656 likely would have qualified as a crime of moral turpitude or an aggravated felony, and it likely would have rendered De Morais deportable. De Morais, in sum, has not shown a reasonable probability that the outcome of the plea negotiations would have been different if Levine had conducted them differently.

## IV.

The district court's denial of De Morais's motion under 28 U.S.C. § 2255 to vacate his conviction is **AFFIRMED**.