**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEONARDO VERDUGO-GONZALEZ,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 06-73733

Agency No.
A036-909-171

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 17, 2009—San Francisco, California

Filed September 14, 2009

Before: Barry G. Silverman, Richard R. Clifton, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Clifton

13261

## COUNSEL

Kristine L. Wilkes, Lola A. Kingo (argued), and Meghna Subramanian, Latham & Watkins LLP, San Francisco, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Russell J.E. Verby, Trial Attorney, Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Shelley R. Goad, Senior Litigation Counsel, and Zoe J. Heller (argued), United States Department of Justice, Washington, DC, for the respondent.

## OPINION

CLIFTON, Circuit Judge:

Leonardo Verdugo-Gonzalez petitions for review of an order that he be removed from the United States to Mexico. He was held ineligible for cancellation of removal because he had previously been convicted of an aggravated felony. He argues that his felony conviction for receipt of stolen property under section 496(a) of the California Penal Code did not constitute an aggravated felony, but we conclude that a conviction under that statute categorically qualifies as an aggravated felony for these purposes. We thus deny the petition for review.

## I.  Background

Verdugo-Gonzalez is a native and citizen of Mexico and has resided in the United States as a lawful permanent resident since 1981. He was convicted in 2004 for felony receipt of stolen property in violation of California Penal Code section 496(a) and was sentenced to serve sixteen months in prison.

Removal proceedings were later initiated against him, and an immigration judge ("IJ") ordered his removal to Mexico. Among other things, the IJ concluded that Verdugo-Gonzalez was statutorily ineligible for relief in the form of cancellation of removal because he had been convicted of an aggravated felony. Verdugo-Gonzalez appealed to the Board of Immigration Appeals ("BIA"), which adopted and affirmed the IJ's decision. Verdugo-Gonzalez timely petitioned this court for review of the BIA's decision.

## II.  Discussion

**[1]** Cancellation of removal under 8 U.S.C. § 1229b(a) is not available to someone who has been convicted of an aggravated felony. An aggravated felony for this purpose is defined by the statute to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).

In determining whether a conviction for a given crime constitutes an aggravated felony, we apply the categorical test set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886-88 (9th Cir. 2003). Under this test, we first make a categorical comparison of the elements of the state statute of conviction to the generic definition of a theft offense in order to determine whether the full range of conduct proscribed by the statute of conviction is broader than the generic definition.

*Taylor,* 495 U.S. at 598-99. If not, we then turn to the modified categorical approach to determine whether there is sufficient evidence in the record to conclude that the petitioner was convicted of all of the elements of a generic theft offense. *Id.* at 602.

Applying this framework, we hold that there is a categorical match between the full range of conduct proscribed by section 496(a) of the California Penal Code and the generic definition of a theft offense. Section 496(a) provides in relevant part:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year.

**[2]** A theft offense is generically defined as "the taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007) (internal quotation marks omitted).

**[3]** Under California law, the crime of "receipt of stolen property" basically consists of three elements: (a) the property was stolen, and (b) the defendant was in possession of it, (c) knowing it was stolen. *People v. Anderson*, 210 Cal. App. 3d 414, 420 (Ct. App. 1989). That fits within the generic definition of theft. The act of buying or receiving stolen property knowing that it was stolen entails an exercise of control over the property without consent and with the intent to deprive the owner of rights and benefits of ownership. *See Randhawa v.*

*Ashcroft*, 298 F.3d 1148, 1154 (9th Cir. 2002) (holding that a conviction for knowing possession of stolen mail inferentially contains the element of an intent to deprive the mail's true owner of rights and benefits of ownership). The same goes for the acts of concealing, withholding, and selling property knowing that it was stolen. Because each involves an exercise of control over property without consent, with the criminal intent to deprive the owner of rights and benefits of ownership, permanently or temporarily, they all fall within the generic definition of theft.

**[4]** The California statute also covers someone who "aids" in the concealing, selling, or withholding of stolen property from the owner, knowing the property to be stolen or so obtained. *See* Cal. Penal Code § 496(a). *Duenas-Alvarez* explicitly held that the generic definition of a theft offense includes the crime of "aiding and abetting" a theft offense. 549 U.S. at 190. There is, therefore, a categorical match between the full range of conduct proscribed under section 496(a) of the California Penal Code and the generic definition of a theft offense.

Verdugo-Gonzalez's only argument to the contrary is that section 496(a)'s use of the term "aids" extends the statute to cover someone who was only an accessory after the fact and that accessory liability does not rise to the level of an aggravated felony. This argument fails.

Verdugo-Gonzalez relies on *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), to advance the argument that aiding and abetting liability is akin to accessory after the fact liability. Although *Vidal* explicitly held that accessory after the fact liability may render a state conviction statute broader than the generic definition of a theft offense, that case examined section 10851(a) of the California Vehicle Code, a statute that expressly included within its reach the actions of an accessory.[1] *Id.* at 1080-86. There is no such mention of

---

[1]California Vehicle Code section 10851(a) provided in relevant part:

Any person who drives or takes a vehicle not his or her own,

accessory liability in California Penal Code section 496(a), and Verdugo-Gonzalez has not identified a case in which California has applied the statute that way, so a conviction under that statute cannot be based on a finding of something less than conduct which fits within the generic theft offense.

[5] The offense of being an accessory after the fact has been identified as different from and outside the generic definition because an accessory after the fact, someone who subsequently helped the primary wrongdoer, does not necessarily aid in the commission of the underlying offense. *See Vidal*, 504 F.3d at 1078; *United States v. Innie*, 7 F.3d 840, 852 (9th Cir. 1993). But that is not the case with Verdugo-Gonzalez's statute of conviction. California Penal Code section 496(a) makes it a crime to buy, receive, conceal, sell, or withhold stolen property. It then also makes it a crime to aid in the concealment, sale, or withholding of stolen property. As such, it is clear that "aids" in section 496(a) only applies to those who aid in committing the underlying offenses of concealment, sale, or withholding of stolen property. A person who does that necessarily commits theft, by its generic definition.

[6] There is a separate section in the California Penal Code, section 32, that specifically imposes criminal liabilities on accessories.[2] Except in those relatively rare instances where

without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is *a party or an accessory to or an accomplice in* the driving of unauthorized taking or stealing . . . .

(emphasis added)

[2]California Penal Code section 32 provides:

Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

the conduct of an accessory after the fact is included within the criminal statute, as was the case in *Vidal*, California courts require prosecutions under an accessory after the fact theory of liability to be brought under section 32 of the California Penal Code. *See People v. Prado*, 67 Cal. App. 3d 267, 271 (Ct. App. 1977); *People v. Mitten*, 37 Cal. App. 3d 879, 883 (Ct. App. 1974). Verdugo-Gonzalez was not charged or convicted under that section of the Code.

## III.   Conclusion

The full range of conduct proscribed by California Penal Code section 496(a) falls within the generic definition of a theft offense. Because there is a categorical match between the state conviction statute and the generic definition of a theft offense, we need not engage in a modified categorical analysis. Verdugo-Gonzalez's conviction makes him ineligible for cancellation of removal relief.

**PETITION DENIED.**