**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MELGAR SAUL ESCOBAR, | No. 09-70099 |
| Petitioner, | Agency No. A094-209-475 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Melgar Saul Escobar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law and review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

The agency did not err in concluding that Escobar failed to establish eligibility for asylum and special rule cancellation of removal where he failed to meet his burden to show that he received a sentence of less than one year for his 1992 stolen property conviction. *See* 8 C.F.R. § 1240.8(d); *see also Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) (a conviction under Cal. Penal Code. § 496(a) is categorically a theft offense under 8 U.S.C. § 1101(a)(43)(G)); 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i) (aggravated felony bar to asylum); 8 C.F.R. § 1240.66(a) (aggravated felony bar to special rule cancellation of removal).

Substantial evidence supports the agency's denial of Escobar's application for withholding of removal because Escobar failed to demonstrate a clear probability of persecution on account of any protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" is too broad to qualify as a cognizable social group); *see also Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005).

Substantial evidence also supports the agency's denial of Escobar's application for protection under the Convention Against Torture because Escobar

failed to demonstrate that it is more likely than not that he will be tortured if he returns to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**