**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50568 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02644-LAB-1 |
| v. | |
| JUAN HERNANDEZ-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 6, 2011
Pasadena, California

Before: NOONAN and PAEZ, Circuit Judges, and KORMAN,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, Brooklyn, sitting by designation.

Juan Hernandez-Ortiz, native and citizen of Mexico, appeals his conviction and the sentence imposed for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The district court did not abuse its discretion in denying Hernandez-Ortiz's motion to substitute appointed counsel. Hernandez-Ortiz provided no explanation for his lack of trust in his attorney, nor could he point to any "striking signs of serious conflict." *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) (quoting *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 778 (9th Cir. 2001)). The record contains no indication that antagonism or hostility on his attorney's part limited the effectiveness of her representation, and she fully supported Hernandez-Ortiz at the hearing on the motion to substitute. *See Adelzo-Gonzalez*, 268 F.3d at 779. Moreover, as the district court properly recognized, a defendant's "general unreasonableness" does not suffice to show an "irreconcilable conflict." *Mendez-Sanchez*, 563 F.3d at 943, 945 (citations omitted). The district court did not conclude that Hernandez-Ortiz's motion was untimely, and the court's inquiry was adequate because its "specific and targeted questions" established that Hernandez-Ortiz's attorney was competent and capable of effectively representing him. *Adelzo-Gonzalez*, 268 F.3d at 778.

The district court's application of an 8-level increase under U.S.S.G. § 2L1.2(b)(1)(C) was proper because Hernandez-Ortiz's § 496(a) conviction for receipt of stolen property categorically qualifies as an aggravated felony. *See Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009) ("The full range of conduct proscribed by California Penal Code section § 496(a) falls within the generic definition of a theft offense" under 8 U.S.C. § 1101(a)(43)(G).).

**AFFIRMED.**