**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWANT SINGH BAINS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73075<br><br>Agency No. A040-101-668<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2011[**]
Pasadena, California

Before:    SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, Senior
District Judge.[***]

Balwant Singh Bains, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

immigration judge's removal order, which found Bains removable under 8 U.S.C. § 1227(a)(2)(B)(i), foreclosed asylum and cancellation of removal based on his prior commission of an aggravated felony, and denied all other relief. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we review de novo questions of law and claims of due process violations in removal proceedings*, Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Bains was not eligible for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

The BIA did not err in determining that Bains's conviction for receipt of stolen property under California Penal Code § 496(a), for which he was sentenced to at least one year imprisonment, constituted an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G*). See Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009) ("The full range of conduct proscribed by [California Penal Code § 496(a)] falls within the generic definition of a theft offense."). Bains is therefore statutorily ineligible for asylum, *see* 8 U.S.C. §1158(b)(2)(A)(ii), (B)(i), and cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3). Substantial

evidence supports the agency's denial of Bains's application for withholding of removal based upon its finding that even if Bains's testimony were credible and he established past persecution, the government established by a preponderance of evidence that Bains could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(3)(ii); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069-70 (9th Cir. 2003) (presumption of a well-founded fear can be rebutted by showing that under all the circumstances the applicant could reasonably be expected to relocate). Substantial evidence also supports the agency's denial of CAT relief because Bains failed to demonstrate it was more likely than not he will be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004) (denying CAT relief based on the possibility of internal relocation).

We reject Bains's due process contention that the IJ was biased, because Bains has not demonstrated any bias or that the proceedings were fundamentally unfair. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (petitioner must show proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case" and that he was prejudiced) (internal citation and quotation omitted).

Bains's motion to supplement the certified administrative record is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

09-73075