**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50551 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04014-MMA |
| v. | |
| RAUL DE LA CRUZ-ULIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 9, 2011[**]
Pasadena, California

Before: FERNANDEZ and TALLMAN, Circuit Judges, and ROSENTHAL, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Raul De La Cruz-Ulin ("De La Cruz") appeals his conviction following a conditional guilty plea for attempted reentry after deportation, in violation of 8 U.S.C. § 1326. De La Cruz argues that due process violations invalidated the removal order that was the basis of the § 1326 conviction. The district court denied the motion to dismiss the § 1326 charge on the basis that, even though there was a due process violation, De La Cruz suffered no prejudice. Reviewing the claim de novo, we affirm.

In the deportation proceeding that led to the underlying removal order, De La Cruz waived his right to counsel and to appeal. Those waivers did not comply with due process requirements. But the due process violations do not warrant dismissal of the § 1326 charge because De La Cruz cannot show that he was prejudiced as a result.

To show prejudice, De La Cruz must show that he had a plausible ground for relief from the removal order. De La Cruz asserts that he had a plausible ground for relief in the form of fast-track voluntary departure. 8 U.S.C. § 1229c(a); *see United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2010). The record shows, however, that De La Cruz was ineligible for such relief because his conviction for receipt of stolen property under California Penal Code § 496(a) made him an aggravated felon under 8 U.S.C. § 1101(a)(43)(G) unless he received a sentence of less than one year. *See Verdugo-Gonzalez v. Holder*, 581 F.3d 1059,

1061 (9th Cir. 2009). The state-court record does not support a finding that the California state court imposed a sentence of less than one year.

Under California Penal Code § 654(a), the state court was required to impose a custodial sentence on both the burglary and the receipt of stolen property counts of conviction and stay execution of the sentence on the count that provides for the shorter potential term of imprisonment. *See People v. Alford*, 103 Cal. Rptr. 3d 898, 900, 905 (Ct. App. 2010). The record shows that when the state court revoked De La Cruz's probation, the court imposed a custodial sentence of sixteen months for the burglary conviction and stayed the sentence for the receipt of stolen property conviction in accordance with § 654(a). Because the state court was required to impose a custodial sentence on both counts, De La Cruz cannot show that the state court did not sentence him to less than one year for his receipt of stolen property conviction. *See United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056 (9th Cir. 2003) (stating that "[i]n order to demonstrate prejudice, Gonzalez would also have to show that he is *not* barred from receiving relief" (emphasis added), and noting that a defendant does not meet this burden by pointing to an ambiguity in the underlying criminal sentence). Based on the record, De La Cruz cannot show prejudice from the due process violations in the removal hearing because he cannot show eligibility for voluntary deportation.

Because De La Cruz suffered no prejudice as a result of the due process violations, his removal order was valid. The district court properly denied the motion to dismiss the § 1326 count of the indictment.

AFFIRMED.