**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIAN GAGO DE MEDEIROS, | No. 06-73321 |
| Petitioner, | Agency No. A021-621-466 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2011[**]
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and TIMLIN, Senior District
Judge.[***]

Julian Gago De Medeiros (De Medeiros), a native and citizen of Portugal,

petitions for review of the Board of Immigration Appeals (BIA's) dismissal of an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert J. Timlin, Senior U.S. District Judge for the
Central District of California, sitting by designation.

appeal challenging an Immigration Judge's (IJ's) decision finding him removable, and denying his motion to reconsider.

De Medeiros was convicted of seventy-two felony counts of making false statements to obtain disability insurance benefits, in violation of California Unemployment Insurance Code (CUIC) § 2101(a), and submitting a false medical certification to obtain disability insurance, in violation of CUIC § 2116. A mandatory two-year sentencing enhancement pursuant to California Penal Code (CPC) § 12022.6(b) was based on the state court's determination that De Medeiros' offenses were intentional takings of property that caused a resulting loss of more than $150,000 to the victim. The BIA determined that the convictions rendered him removable under 8 U.S.C. § 1101(a)(43)(M)(i), as an alien convicted of an aggravated felony for offenses that involve fraud or deceit in which the loss to the victim or victims exceeded $10,000.

1.      The BIA did not err when it determined that it lacked jurisdiction to collaterally review the validity of De Medeiros' final convictions, which he contended were obtained in violation of his Sixth Amendment right to counsel at trial. *See Urbina–Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993).

2

**2.** The BIA did not err when it relied upon the court-certified information and abstract of judgment to establish the factual basis of De Medeiros' convictions. *See* 8 U.S.C. § 1229a(c)(3)(B)(v) (providing that such documents may serve to establish the fact of a criminal conviction in an immigration proceeding); *see also* 8 C.F.R. § 1003.41(a)(5) (same).

**3.** The BIA did not err when it determined that De Medeiros was convicted of an aggravated felony. First, applying the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), De Medeiros' convictions under CUIC § 2101(a) necessarily involved "fraud or deceit." 8 U.S.C. § 1101(a)(43)(M)(i); *see also Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1060-61 (9th Cir. 2009) (stating that courts apply *Taylor*'s categorical test when determining whether a non-citizen's conviction for a given offense constitutes an aggravated felony); *People v. Louie*, 158 Cal. App. 3d Supp. 28, 43 (1984) (observing that a specific intent to defraud is required to convict under CUIC § 2101). Second, the BIA followed fundamentally fair procedures in concluding that the offenses for which De Medeiros was convicted resulted in a loss of at least $10,000 to the victim. *See Nijhawan v. Holder*, 129 S. Ct. 2294, 2302-03 (2009)

3

(holding that "Congress did not intend subparagraph (M)(i)'s monetary threshold to be applied categorically" and that the IJ followed "fundamentally fair procedures" when he relied upon earlier sentencing-related material to show that a non-citizen had caused a loss of at least $10,000 to the victim). Specifically, the BIA relied on the abstract of judgment together with the criminal information, which reflect that De Medeiros' sentence was enhanced under California Penal Code § 12022.6(b). This sentence enhancement required the sentencing court to have found that the loss incurred by the Employment Development Department from De Medeiros' crimes exceeded $10,000. *See* Cal. Pen. Code § 12022.6(b). We can discern nothing fundamentally unfair about having relied on this information to conclude that the convictions involved losses considerably greater than $10,000. *See Nijhawan*, 129 S. Ct. at 2303.

**4.** The BIA did not err when it concluded that the IJ's denial of a continuance beyond ten days did not prejudice De Medeiros or undermine the fundamental fairness of the removal proceeding. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding that "[t]o prevail on a due process challenge to

deportation proceedings, [an alien] must show error and substantial prejudice")

(citation omitted).

**PETITION DENIED.**