**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROZEL CHRISTIAN TUPAZ, | No. 10-73411 |
| Petitioner, | Agency No. A079-367-430 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2013**
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

Petitioner Rozel Tupaz, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") affirmance of the

Immigration Judge's ("IJ") denial of his applications for asylum, cancellation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). Tupaz was removable under INA Section 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as a noncitizen who overstayed his nonimmigrant visa. We deny the petition for review.

Tupaz's conviction for violating California Penal Code § 496(a) categorically qualified as an aggravated felony conviction. *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009). He was therefore statutorily ineligible for asylum and cancellation of removal. *Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008). The government did not rely on the section 496(a) conviction, since his act of overstaying his visa provided an independent basis for removability. Thus, the government was not required to file a Form I-261 referencing the conviction, and the IJ was not required to sustain the factual allegations of the charge.

Substantial evidence supports the agency's determination that Tupaz failed to establish his eligibility for withholding of removal on the basis of membership in a particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Substantial evidence also supports the agency's conclusion that Tupaz did not demonstrate that it was more likely than not that he would be persecuted on account of his Catholic beliefs if he were returned to the Philippines.

Nor did he show that he would be unable to relocate to a safer part of the country in the event he faced persecution in Mindanao. Tupaz's application for CAT relief fails for similar reasons. *See* 8 C.F.R. § 1208.16(c)(3). The agency properly applied the criteria for determining a noncitizen's eligibility for CAT relief.

**PETITION FOR REVIEW DENIED.**