**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR CHIEDU ASIANGWO,<br><br>              Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 11-70446<br><br>Agency No. A077-987-659<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:      CANBY, IKUTA, and WATFORD, Circuit Judges.

     Victor Chiedu Asiangwo, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision ordering him removed, and the BIA's

denial of his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The IJ correctly determined that Asiangwo's conviction under California Penal Code § 496(a) for which he was sentenced to three years imprisonment constitutes an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) that renders him removable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061-62 (9th Cir. 2009). Asiangwo is therefore statutorily ineligible for asylum and cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i), 1229b(a)(3). Asiangwo has not raised any colorable constitutional or legal challenges that would invoke our jurisdiction to review the IJ's determination that the conviction constitutes a particularly serious crime rendering him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii). *See* 8 U.S.C. § 1252(a)(2)(C), (D). In light of our disposition, we need not reach Asiangwo's contentions regarding his additional convictions.

Substantial evidence supports the IJ's determination that Asiangwo failed to establish that it is more likely than not that he would be tortured if he were returned

to Nigeria where he could internally relocate. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004) (denying CAT relief based on the possibility of internal relocation).

The BIA did not abuse its discretion in denying Asiangwo's motion to remand because Asiangwo did not demonstrate that the evidence he submitted with his motion was material, new, and previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) (evidence must have been unavailable and unable to have been discovered or presented at the former hearing). Asiangwo failed to exhaust his contention that immigration authorities confiscated this evidence while he was in proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 676-78 (9th Cir. 2004) (requiring exhaustion of due process claims concerning the denial of opportunity to present case).

Asiangwo's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**