FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE LUIS RICO-BALLESTEROS, | No. 13-74196 |
| Petitioner, | Agency No. A045-569-895 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2015[**]
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and CHRISTEN, Circuit Judges.

Jose Luis Rico-Ballesteros ("Rico-Ballesteros") petitions this court for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Immigration Judge's ("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

First, the BIA did not err in concluding that Rico-Ballesteros was removable for having been convicted of an aggravated felony under the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1227(a)(2)(A)(iii), based on his conviction for receipt of stolen property in violation of Cal. Penal Code § 496(a). We have previously held violation of Cal. Penal Code § 496(a) is categorically a "theft offense" and, thus, an aggravated felony under the INA. *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009); *see* 8 U.S.C. § 1101(a)(43)(G). Rico-Ballesteros argues that *Verdugo-Gonzalez* was abrogated by the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). We conclude, however, that *Verdugo-Gonzalez* and *Descamps* are not "clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), thus we are bound by our precedent to conclude that Rico-Ballesteros is removable for having committed an aggravated felony.[1] Additionally, because we hold *Verdugo-Gonzalez* is controlling, we find no merit to Rico-Ballesteros's contention

---

[1]Rico-Ballesteros also argues the BIA erred by finding him removable for having committed a controlled substance offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i). The government has not pursued this argument on appeal, and we need not reach it as we find him removable on another ground.

that his case should be remanded to the BIA because the BIA arguably misconstrued his argument on this issue.

Second, substantial evidence supports the BIA's finding that Rico-Ballesteros was not entitled to relief pursuant to the Convention Against Torture ("CAT"). We note that, at first glance, both the IJ and the BIA appear to have applied the incorrect standard with regards to internal relocation by finding that Rico-Ballesteros "ha[d] not demonstrated that 'internal relocation' is impossible." *See Maldonado v. Lynch*, No. 09-71491, ---F.3d----, 2015 WL 2343051, at \*6 (9th Cir. May 18, 2015) (en banc) (holding that a petitioner need not show that "relocation is impossible" in order to establish eligibility for CAT relief). However, upon closer review of the IJ's and BIA's decisions, internal relocation was properly considered as only one factor in their respective determinations, thus Rico-Ballesteros was not improperly *required* to show that relocation is impossible in order to establish his eligibility for CAT relief. *Cf. id.* at \*7 ("The BIA's conclusion demonstrates that failure to [show that relocation was impossible] was the determinative blow to Maldonado's petition."). Although there is evidence in the record to support Rico-Ballesteros's position, there is also substantial evidence to support the BIA's determination, thus the court must uphold the agency's determination. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We find

particularly salient the BIA's finding, supported by the record, that Rico-Ballesteros has a "similarly-situated" brother who continues to reside in the vicinity of their home in Mexico and has not faced harm or threats from cartel members or the police. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds*. Accordingly, we conclude the record does not compel the conclusion that Rico-Ballesteros will more likely than not be tortured if he returns to Mexico.[2] *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2013).

Finally, we reject Rico-Ballesteros's argument that the BIA improperly ignored a letter[3] that he submitted from an expert witness. As the government correctly notes, a petitioner must show that there are "clear indications" that the agency did not consider the documentary evidence in question. *Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014). The letter was premised on Rico-

---

[2]Because we hold the record does not compel the conclusion that "more likely than not [Rico-Ballesteros] will be tortured upon return to his homeland," we need not decide whether there would be "sufficient state action involved in that torture." *Konou v. Holder*, 750 F.3d 1120, 1124–26 (9th Cir. 2014) (citation omitted). Additionally, we do not reach Rico-Ballesteros's argument that the BIA improperly ignored his reliance on *Cordoba v. Holder*, 726 F.3d 1106, 1117 (9th Cir. 2013), as it solely concerns government acquiescence.

[3]Although Rico-Ballesteros refers to the document as an "affidavit," it is an unsigned, unsworn statement and, thus, is properly considered a "letter." *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009).

Ballesteros being targeted by the cartel, the police or both upon his return to Mexico, which was not a finding made by the IJ or the BIA. Thus, the fact that neither the IJ nor the BIA explicitly discussed the letter is not a clear indication that they did not consider the letter. *Cf. Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (explaining that the BIA is not required to "discuss each piece of evidence submitted").

**PETITION FOR REVIEW DENIED.**