**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SANTOS CRUZ, | No. 09-71655 |
| Petitioner, | |
| | Agency No. A094-227-957 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2013**
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges and DANIEL,*** Senior
District Judge.

Jose Santos Cruz, a native and citizen of El Salvador, petitions for review of

a decision of the Board of Immigration Appeals (BIA) affirming an immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Wiley Y. Daniel, Senior District Judge for the U.S.
District Court for Colorado, sitting by designation.

judge's (IJ) decision finding Cruz inadmissible as charged and statutorily ineligible for NACARA "special-rule" cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition as to Cruz's withholding claim and deny as to all remaining claims.

1.  NACARA special-rule cancellation of removal and asylum

Cruz was convicted of receipt of stolen property, in violation of Cal. Penal Code § 496.1,[1] for which he was sentenced to one year's incarceration.  Cruz's conviction qualifies as an aggravated felony.  8 U.S.C. § 1101(a)(43)(G); *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1060-61 (9th Cir. 2009).  He is therefore ineligible for special-rule cancellation of removal and asylum.  8 C.F.R. § 1240.61(b); 8 U.S.C. § 1158(b)(2)(B)(i).  That Cruz's conviction was subsequently reduced to a misdemeanor does not affect the immigration consequences of the conviction.  *Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (en banc) (explaining classification as felony or misdemeanor was irrelevant where the maximum punishment for the misdemeanor offense was one year).

2.  Withholding of removal

To qualify for withholding of removal, an applicant must show that

---

[1] Now Cal. Penal Code § 496(a).

his "life or freedom would be threatened" if he is returned to his homeland, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). Before the BIA, Cruz argued that his status as a former military officer constituted an imputed political opinion. Specifically, he contended that his "former membership in the Salvadoran military could reasonably cause government opponents to classify him as a person possessing the political opinion of the party in power."

The BIA, however, failed to address Cruz's imputed political opinion argument. Instead, the BIA rejected an argument that Cruz never made, concluding that former military service could not establish membership in a "particular social group." This is cause for remand for two reasons. First, the agency's unexplained failure to address Cruz's political opinion claim compels us to remand the case so it may provide a reasoned explanation of its rejection of this claim. *See, e.g., Singh v. Gonzales*, 416 F.3d 1015 (9th Cir. 2005); *see also Najmabadi v. Holder*, 597 F.3d 983, 986-87 (9th Cir. 2010) (noting our review is limited to the actual grounds relied upon by the BIA). Second, the BIA erred in analyzing the claim it did address because former military service can establish membership in a particular social group. *See Tapia Madrigal*, 716 F.3d at 505 (concluding that petitioner could potentially establish that his "persecution was on

3

the basis of his membership in the particular social group of 'former Mexican army soldiers who participated in anti-drug activity'"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) ("[F]ormer [military] officers may be members of a cognizable social group."). Accordingly, we grant Cruz's petition for review on the withholding of removal claim and remand for the BIA to consider this claim.

3. Protection under CAT

The petitioner bears the burden of demonstrating that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Cruz has not offered any evidence, or any meaningful argument, that he would face torture upon return to El Salvador, and we therefore deny his petition for review of this claim.

4. Streamlining

We reject Cruz's streamlining claim. He has not shown that the BIA streamlined his case, and in any event, we have long held that the BIA's streamlining procedures do not violate a noncitizen's due process rights. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-54 (9th Cir. 2003).

**GRANTED IN PART, DENIED IN PART, and REMANDED.**[2]  **Each party shall bear its own costs on appeal.**

---

[2] We are concerned about the apparent ineffectiveness of Cruz's counsel. Organizations such as the following may be able to provide pro bono legal counsel: The Central American Resource Center (CARECEN), (213) 385-7800, 2845 West 7th Street, Los Angeles, CA 90005, www.carecen-la.org; Legal Aid Foundation of Los Angeles (LAFLA), (800) 399-4529, 5228 Whittier Blvd., Los Angeles, CA 90022, www.lafla.org.