**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO PRIETO-HERNANDEZ, | No. 13-70874 |
| Petitioner, | Agency No. A028-956-109 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2015
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Petitioner Jose Alberto Prieto-Hernandez ("Prieto") seeks review of the

Board of Immigration Appeals' (the "BIA's") dismissal of Prieto's appeal of the

immigration judge's ("IJ's") removal order, which denied and/or pretermitted

Prieto's applications for asylum, withholding of removal, cancellation of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under the Immigration and Nationality Act ("INA") and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). For the reasons set forth herein, we deny in part and dismiss in part Prieto's petition for review.

1.     The IJ concluded that Prieto had no reasonable expectation of future persecution, which is a predicate to eligibility for both asylum and withholding of removal. Prieto failed to challenge such finding before either the BIA or this Court, and has thus waived any argument to the contrary. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). This waiver strips us of jurisdiction to consider whether the IJ's determination was supported by substantial evidence, *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam); 8 U.S.C. § 1252(d), and renders us unable to grant any effective relief with respect to Prieto's claims for asylum and withholding of removal.

2.     Finally, Prieto is ineligible for cancellation of removal under the INA and for NACARA special rule cancellation because Prieto's 1997 conviction for receipt of stolen property under California Penal Code § 496(a) is a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G), and Prieto received a sentence of 365 days. *Id.* (defining the term "aggravated felony" as including theft offenses that carry a prison term of "at least one year"); *Verdugo-Gonzalez v. Holder*, 581 F.3d

1059, 1061–62 (9th Cir. 2009); *see also* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(A)(iii) (together, providing that an aggravated felony bars cancellation of removal); 8 C.F.R. § 1240.66(c) (same for "special rule" cancellation under NACARA).

Neither California Penal Code § 18.5 nor the California Superior Court's recharacterization of Prieto's offense as a "misdemeanor" helps Prieto. We have repeatedly held that a state court's characterization of a conviction has no effect on federal immigration law. *See, e.g.*, *Habibi v. Holder*, 673 F.3d 1082, 1088 (9th Cir. 2011) ("[W]hether a state classifies an offense as a 'misdemeanor' is irrelevant to determining whether it is an 'aggravated felony' for purposes of federal law."); *see also Ramirez-Castro v. I.N.S.*, 287 F.3d 1172, 1174 (9th Cir. 2002) ("For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a *state's* rehabilitative law." (emphasis added)). Section 18.5 does not change the fact that Prieto's *actual* sentence was 365 days. *See Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000) (The phrase, "one year or more" in section 1101(a)(43)(G) "refer[s] to the actual sentence imposed by the trial judge.").

Prieto's reliance on *Tapia v. Superior Court*, 807 P.2d 434 (Cal. 1991) is misplaced for the same reason: *California's* determination that a statute applies

retroactively to modify the nature of a state-court conviction has *no effect* on the classification of that offense for purposes of federal immigration law. *See, e.g.*, *Ramirez-Castro*, 287 F.3d at 1174. And even were *Tapia* relevant, it would not apply here. *Tapia* merely held that, when a change in law that clearly benefits the defendant occurs *between the commission of an offense and the trial for that offense*, the new law "may be applied to pending cases." *Tapia*, 807 P.2d at 446. Prieto's theft case is not "pending." Prieto pled guilty to a theft offense in 1997. The change in law occurred nearly two decades later. It is not at all clear under *Tapia* that even California would apply § 18.5 retroactively in these circumstances.

**3.** Prieto is ineligible for all relief sought for the reasons set forth above; thus, we need not consider whether the persecutor bar also precludes the same relief.

We accordingly DENY IN PART and DISMISS IN PART Prieto's petition for review.