NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50116 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01339-H-1 |
| v. | |
| FRANCISCO BANUELOS-HARO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted July 12, 2018
Pasadena, California

Before: BERZON, FISHER,[**] and WATFORD, Circuit Judges.

Francisco Banuelos-Haro pleaded guilty to being found in the United States after being previously removed under 8 U.S.C. § 1326(a) and (b), but preserved the opportunity to appeal the district court's denial of his motion to dismiss the indictment. On appeal, Banuelos-Haro argues (1) that he was not removable as

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

charged in 2002 and 2005, and (2) that his 2002 removal order is invalid because the Immigration Judge violated due process and Banuelos-Haro suffered prejudice. We disagree on both points and affirm.

This Court has jurisdiction under 28 U.S.C. § 1291. We "review[] *de novo* the denial of a motion to dismiss" an indictment under 8 U.S.C. § 1326, "when the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding." *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001). We also review *de novo* "[t]he determination whether a prior conviction is an aggravated felony." *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003).

To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the Government must establish that the defendant 'left the United States under order of exclusion, deportation, or removal, and then illegally reentered.'" *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011)). Defendants who are charged under § 1326(a) and (b) may attack the validity of the predicate removal order under § 1326(d). To mount a successful collateral attack on the removal order, the defendant alien must show "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the

2                                                                           17-50116

opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Under our precedents, "if [the] Defendant was not convicted of an offense that made him removable under the INA to begin with, he is excused from proving the first two requirements," *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017), and his removal is deemed fundamentally unfair in satisfaction of the third. *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014).

The 2002 Notice to Appear charged Banuelos-Haro with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had previously been convicted of an aggravated felony. The term "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Banuelos-Haro's prior conviction was for receipt of stolen property under California Penal Code § 496.1 (now § 496(a)). He was sentenced to two years.

To determine whether a state conviction is an "aggravated felony," courts employ the categorical approach, comparing "the elements of the state statute of conviction to the generic definition of a theft offense." *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1060 (9th Cir. 2009) (citing *Taylor v. United States*, 495 U.S. 575, 598-99 (1990)). This Court has held that receipt of stolen property under § 496.1 is a categorical match to "[t]he BIA's reasonable interpretation of the

elements of generic receipt of stolen property [under § 1101(a)(43)(G)]." *United States v. Flores*, 901 F.3d 1150, 1160 (9th Cir. 2018); *see also Verdugo-Gonzalez*, 581 F.3d at 1061. Because Banuelos-Haro was removable as charged, his 2002 removal order supported the charges under § 1326(a) and (b).

Banuelos-Haro also does not convince this Court that the Immigration Judge's failure to inform him of his eligibility for relief in 2002 resulted in prejudice and invalidated the removal order. Immigration Judges are required to inform respondents in removal proceedings of their eligibility for relief, and failure to do so is a due process violation that excuses the respondent from demonstrating two of the required prongs of § 1326(d): exhaustion of administrative remedies and deprivation of judicial review. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049-50 (9th Cir. 2004). That leaves the third prong: fundamental unfairness. 8 U.S.C. § 1326(d)(3).

A defendant may show fundamental unfairness if "(1) [his] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Ubaldo-Figueroa*, 364 F.3d at 1048 (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)). A defendant demonstrates prejudice if he "show[s] that he had 'plausible grounds for relief' from the removal order." *Raya-Vaca*, 771 F.3d at 1206 (quoting *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996)). To determine

4

the plausibility of discretionary relief from removal, the Court first identifies factors that would have been relevant to the adjudicator's discretion, and then decides if, "in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of the alien's own case, it was plausible" that he would have received discretionary relief. *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Barajas–Alvarado*, 655 F.3d at 1089).

Because the Government conceded that the Immigration Judge violated due process, Banuelos-Haro needed only to demonstrate that he suffered prejudice. To do so, Banuelos-Haro argued that it was plausible he would have received relief under the former § 212(c) of the INA, which provided for discretionary cancellation of removal for lawful permanent residents. *INS v. St. Cyr*, 533 U.S. 289, 295 (2001). However, it is not plausible that Banuelos-Haro would have received relief under § 212(c). That relief was determined in part by balancing positive and negative factors. *Yepes-Prado v. INS*, 10 F.3d 1363, 1365-66 (9th Cir. 1993). Positive factors included family ties, duration of residence, hardship to the individual and his family, service in the U.S. armed forces, employment history, value to the community, rehabilitation in light of a criminal record, and evidence of good character. *Id.* at 1366. Negative factors included the nature of the ground for deportation, violations of immigration laws, a recent or serious criminal record,

and other evidence of poor character. *Id.* To overcome a serious crime or pattern of serious criminality, respondents were required to meet a heightened standard, and "present[] unusual or outstanding equities to warrant discretionary relief." *Id.*

Banuelos-Haro would have been subject to this heightened standard for § 212(c) relief, and it is not plausible that he would have demonstrated unusual or outstanding factors warranting relief. Banuelos-Haro cited several positive factors, including his sobriety starting in 1995, his efforts to help his brothers become sober, and a large extended family living in the United States, but nothing unusual or outstanding. Furthermore, the value of these positive equities was undermined because Banuelos-Haro did not support them with evidence. *See, e.g.*, *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1057 (9th Cir. 2003).

Because Banuelos-Haro's 2002 removal order was valid on account of his conviction for receipt of stolen property under California Penal Code § 496.1, an aggravated felony, and he was not prejudiced by the Immigration Judge's due process violation, we affirm the district court's denial of his motion to dismiss the indictment and his conviction under 8 U.S.C. § 1326.

AFFIRMED.